LOVE, WILLIAM K., Associate Judge.
Stella Prevatt filed an action for Separate Maintenance July 31, 1956, while then pregnant with the child whose custody is now in question. An amended bill, seeking divorce, was filed on December 20, 1956, reciting the birth of the child and charging the appellant with improper relationship with a certain “other woman.” An Answer and Counter *538 claim were promptly filed which Answer recited the bad health of the appellant father describing a stomach condition which had necessitated four operations in the past and the necessity of further surgery in the future rendering him unable to make support payments during such time. A Counterclaim seeking divorce on grounds of cruelty was also filed and, upon issue being reached, a trial resulted in a decree of divorce in favor of the appellee. Temporary relief in the form of support money had been decreed by the Court on August 7, 1956, requiring the appellant father to pay the sum of $10.00 per week for support and maintenance of the appellee. The husband sought a modification of such order subsequent to the birth of the child. On February 4, 1957, the Court, after testimony, held said prayer in abeyance pending an operation which the father contended would be held at some time prior to March 1, 1957.
On March 5, 1957, the Defendant was required to pay to Plaintiff for support of the minor child $20.00 per week for a period of time, such payments to increase thereafter to the sum of $25.00 per week and Defendant was relieved of further temporary alimony payments to Plaintiff. On March 11th, by consent of counsel, the support payments for the minor were reduced to $17.50 per week. Thereafter trial was held of the parties, the Defendant not appearing, and a stipulation was admitted into evidence, providing for the Plaintiff mother to have the permanent care, custody and control of the minor child, subject to right of visitation on the part of the father at reasonable times and upon reasonable occasions; the Plaintiff waived alimony and Defendant agreed to pay the sum of $17.50 per week as support money for the child.
The stipulation was approved by the Final Decree of the Court which granted the divorce, custody and control of the child to the mother subject to such right of visitation and requiring the payment of the agreed $17.50 weekly as support money. This decree was entered March 11, 1957.
On May 7th, the mother petitioned the Court seeking an increase in support monies which petition does not appear to have been determined by the Circuit Court as it was denied in an order finding that the Juvenile Court of Hillsborough had authority to reduce said payments and enforce the same. On September 13, 1957, the Juvenile Court transferred the cause back to the Circuit Court where, on the following day, the Defendant husband filed a petition for the modification of the Final Decree seeking a reduction or elimination of the responsibility of the support payments for the child and seeking an explicit decree for visitation at a place other than the Plaintiff’s parents’ home. The father’s request for reduction was based upon his inability to pay the support money as poor health required three months’ rest, with a resultant loss of income. Defendant then resided with his parents. While this motion pended, parties entered into a stipulation giving the father custody of the child subject to visitation rights of the mother and relieved the father of the obligation of making support payments to the mother.
The Chancellor on November 5, 1957, approved the stipulation except for that portion wherein the mother agreed to waive any future claim for support of the child and the order relieved the Defendant of such duty only during such time as the minor child is in the custody of the father.
In May of 1959, the mother sought a modification of the order last above referred to, alleging changed material circumstances, including (1) that defendant had moved from his parents’ home, (2) had remarried, (3) resided with his new wife and her five children in a home of inadequate size, all six children being forced to sleep in one room. On June 5, 1959, the Court denied the petition finding that no material change in circumstances had occurred to warrant the modification of such order, but did allow Plaintiff two additional weeks of visitation.
On July 3, 1959, and on August 3, 1959, the Defendant father filed petitions to modi *539 ■fy the amended final decree and to clarify visitation rights. No order was entered thereon.
On December 10, 1959, the Plaintiff filed a petition for restoration of custody provision alleging, inter alia, changed circumstances, that Plaintiff had remarried and to a good man who would love and cherish the child, and that Plaintiff could cease work and devote all necessary time to the care of the child. This petition was dismissed as insufficient to warrant modification. An amended petition alleged other and claimed material changed conditions, including improper care of the child by Defendant. On motion to dismiss, and strike certain portions of the amended petition, the Court ruled that evidence would be received only on matters which had occurred after June 5, 1959.
Voluminous testimony was taken before the Chancellor and, thereafter, an order modifying the prior decrees relating to custody and support was entered on May 3, 1960. Appellant appeals from the order and contends that there was no evidence to establish any substantial changes which would justify the modification of the 1959 decree. The appellee contends that the May 3, 1960, order was in error in denying matters claimed to be due to the wife whose refusal to allow costs, a contended inadequacy of support money allowance and that the provision of divided custody was unjustified in law. Custody of the child has been a continuing series of rounds characterized by animosity, charges and counter-charges.
We have searched the record and find therefrom adequate justification for the action taken by the Chancellor. The 1957 decree granting a divorce to the Plaintiff wife expressly provided that the Court should retain jurisdiction of the cause for the purpose of making any further orders necessary or appropriate to the custody and support of the minor child.
The remarriage of the parents, changing employment circumstances, the capacities, and the actual needs of the child we find to justify the decree appealed from. While the division of custody is not normally approved, there are circumstances where such is justifiable and there is no clear showing of error on the part of the Chancellor. This protracted litigation involving a series of attorneys has been before the Court from the time of the decree, on motions to amend or modify each year with the exception of one since the entry of the decree. The able and conscientious Chancellor has apparently arrived at the present and, in his judgment, the best possible solution for the needs, and the physical and mental requirements of the child and we find no error in the order. The decree appealed from is affirmed.
ALLEN, C. J., and KANNER, J., concur.